## GLOVER, ROBINSON AND GILMORE v. STATE OF MARYLAND

[No. 56, September Term, 1974.]

*Decided January 9, 1975.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Don E. Richardson* and *Kenneth V. Heland, Assigned Public Defenders,* with whom was *Alfred T. Truitt, Jr., District Public Defender,* on the brief, for appellants.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and

*Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case involves a challenge to the selection of talesmen for a criminal trial under the jury selection law, Maryland Code (1957, 1972 Repl. Vol., 1973 Cum. Supp.), Art. 51, § 9 (e).[1]

Petitioners Willie James Glover, Willie Albert Robinson, and Theodore Gilmore, Jr., were brought before the Circuit Court for Wicomico County on May 29, 1973, for trial on charges of robbery with a dangerous and deadly weapon and other related crimes. After challenges, only nine jurors out of the original panel of seventy-five prospective jurors were seated in the jury box.

Since the panel of prospective jurors in the courtroom was exhausted, the court directed the clerk to issue a venire to the sheriff for twenty-five more prospective jurors. The court instructed the sheriff as follows:

> "Mr. Sheriff, attempt to find 25 citizens of this county, at least of the age of 21 or above, registered voters in the county, and without regard to any other factors such as race or sex or anything of that nature.
>
> "Get them as soon as you can, please. I know it's a problem for you, but we will be here when you get them. You don't have to confine your efforts to the vicinity of the courthouse, but make sure they are 21 years old and are registered voters."

Later the same day, the clerk swore the twenty-five recently gathered talesmen on their voir dire. After the court had asked some questions on the voir dire and had excused two of the talesmen because of their answers, one of

---

1. The provisions of the Code with respect to jury selection (Art. 51, §§ 1-22) which were in force at the time of trial are now codified in Maryland Code (1974) §§ 8-101 through 8-401 of the Courts and Judicial Proceedings Article.

the attorneys for petitioners interrupted the court's questioning as follows:

"MR. TRUITT [defendants' counsel]: Your Honor, may we inquire where the Sheriff got this list of people?

"THE COURT: As I understand it, the Sheriff has several men going in different directions. Is that right, Sheriff ?

"SHERIFF SHOCKLEY: Yes, sir.

"MR. TRUITT: Can you tell us where you found the people on this list?

"SHERIFF SHOCKLEY: Found several right up around town here — this vicinity — several out to the Salisbury Mall — and . . .

"MR. TRUITT: Then we will challenge the array on that basis.

"THE COURT: For what reason?

"MR. TRUITT: They did not consult the voters' list as required by the Code.

"THE COURT: All these potential jurors have stated under oath that they are registered voters in state elections in this county. They are qualified . . . ."

The court excused a talesman who was unsure whether he was a registered voter. The three additional jurors were then selected from this panel of talesmen. After a trial on the merits, the jury returned verdicts of "guilty of robbery with a dangerous and deadly weapon" against all three petitioners. The court subsequently sentenced each of them to a twenty-year prison term.

The circuit court's judgment was affirmed by the Court of Special Appeals in an unreported opinion filed on March 4, 1974. The Court of Special Appeals did not decide whether the talesmen were selected in accordance with the prescribed statutory procedures. Instead, it affirmed the convictions on the ground that the defendants' challenge to the array was not timely under Art. 51, § 10 (a) of the Code, as the

challenge was not made *before* the voir dire examination began.

We granted certiorari because, in our view, two important issues relating to jury selection were presented by the case. Those issues are: (a) whether the selection of talesmen without consulting the voter registration list for Wicomico County was a violation of Art. 51, § 9 (e), of the Code; (b) whether petitioners' challenge to the panel of talesmen was timely under the statute since the challenge was made after the beginning of the voir dire examination.

As to the first issue, petitioners argue that whenever there is a shortage of prospective jurors, and the court directs the sheriff to summon talesmen, the sheriff may not go out into the community at large and select talesmen, but he must, in light of the provisions of Art. 51, § 9 (e) of the Code, utilize the voter registration lists.[2] Petitioners contend that the Legislature was not concerned with whether or not jurors are in fact registered voters, but it was concerned with a random basis for the selection of jurors such as furnished by the voter registration lists.

With regard to the second issue, upon which the Court of Special Appeals based its decision, it is contended that the procedures set forth in Art. 51, § 10, for challenging jurors on the ground that they were not selected in accordance with the statute, and particularly the requirement in § 10 (a) that the challenge be made before the voir dire examination begins, were not intended to be applicable where one is challenging the sheriff's gathering of talesmen, or additional petit jurors for a particular trial, under § 9 (e). Instead, the argument continues, the procedures of § 10 apply only to challenging the array of jurors whose names were initially drawn for panels pursuant to §§ 5 and 7 of Art. 51.

As previously mentioned, we granted certiorari to review

---

2. Art. 51, § 9 (e), provides:

"When there is an unanticipated shortage of available petit jurors drawn from a qualified jury wheel, the court may require the sheriff to summon a sufficient number of petit jurors selected at random from the voter registration lists in a manner ordered by the court consistent with §§ 1 and 2 of this article."

both of these statutory questions. However, after hearing the case and reviewing the record, it has become apparent that neither issue is squarely presented for decision. Regardless of how these issues would be decided, the convictions must be affirmed. Assuming, *arguendo*, that petitioners' objection to the selection of talesmen was valid and timely made under the statute, the record in this case discloses that their objection was later waived.

After the petitioners objected to the manner in which the talesmen were selected, and after the judge overruled the objection and selected the three needed jurors from the group of twenty-five talesmen, the judge asked petitioners' attorney whether petitioners were "satisfied with the jury" as selected. Petitioners' attorney, after consultation with petitioners, responded, "Defendants have expressed that they are satisfied with the jury." The exchange was as follows:

> "THE COURT: ... Gentlemen, are you satisfied with the jury?
> "MR. RICHARDSON [defendants' counsel]: May I have the Defendants express it for the record?
> "THE COURT: All right. Go ahead and consult with them first.
> "MR. RICHARDSON: Yes, Your Honor. Your Honor, the Defendants have expressed that they are satisfied with the jury.
> "THE COURT: All the Defendants are satisfied with the jury?
> "MR. RICHARDSON: Yes, your honor."

In *Neusbaum v. State*, 156 Md. 149, 143 A. 872 (1928), our predecessors expressly held that a defendant waives a previously made objection to a particular jury if he later states to the court that the jury is acceptable to him. In *Neusbaum*, the prosecuting attorney made a prejudicial remark, in the presence of certain jurors who had been selected, speaking to others who were waiting to be examined on their voir dire. The defendant objected to the

remark and moved that a juror be withdrawn and the case continued. The motion was denied by the court, and the examination of the jurors on the voir dire was resumed. Later, the court offered the defendant an opportunity to have a new jury selected. Defendant's counsel declined the offer and announced that " 'the eleven jurors previously examined and accepted were satisfactory to the defense.' " (*Id.* at 153.) This Court stated that defendant's objection to the jury panel following the prosecutor's remark had been improperly denied. The Court held, however, that "the defendant waived his objection to it when he subsequently announced that the panel of jurors which heard his case was satisfactory to him." (*Id.* at 162.)

In the instant case, the petitioners unequivocally indicated their satisfaction with the jury at the termination of the jury selection process. By thus approving the jury actually selected, they waived their prior objection to the panel of talesmen. On this basis, the judgment of the Court of Special Appeals must be affirmed.

*Judgment affirmed.*
*Petitioners to pay costs.*